**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____ Chapter **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **The Walking Company** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | **DBA  The Walking Company Rx**<br>**DBA  ABEO Footwear** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **20-0762061** |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **25 W. Anapamu**<br>**Santa Barbara, CA 93101**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Santa Barbara**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)    **www.thewalkingcompany.com**

6. Type of debtor

 ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **The Walking Company**                                          Case number (*if known*) _____
          Name

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:* |

                ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

                ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

                ☐ Railroad (as defined in 11 U.S.C. § 101(44))

                ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

                ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

                ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

                ■ None of the above

                B. *Check all that apply*

                ☐ Tax-exempt entity (as described in 26 U.S.C. §501)

                ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

                ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

                C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
                     See http://www.uscourts.gov/four-digit-national-association-naics-codes.
                     __4481__

| | |
|---|---|
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** |

                *Check one:*

                ☐ Chapter 7

                ☐ Chapter 9

                ■ Chapter 11. *Check all that apply:*

                      ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

                      ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

                      ■ A plan is being filed with this petition.

                      ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

                      ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

                      ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

                ☐ Chapter 12

| | |
|---|---|
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** |

                ■ No.

                ☐ Yes.

If more than 2 cases, attach a separate list.

| | District | When | Case number |
|---|---|---|---|
| | _____ | _____ | _____ |
| | _____ | _____ | _____ |

| | |
|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** |

List all cases. If more than 1, attach a separate list

                ☐ No

                ■ Yes.

| | | | |
|---|---|---|---|
| Debtor | **See Rider 1** | Relationship | **Affiliate** |
| District | **Delaware** | When | Case number, if known |

Debtor **The Walking Company**
　　　　Name

Case number (*if known*) _____

**11. Why is the case filed in this district?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.　Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
　　　　　　　　　　　Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.　Insurance agency _____

　　　　Contact name _____

　　　　Phone _____

---

### ■ Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ■ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ■ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor   **The Walking Company**
Name

Case number (if known) _____

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   3/6/2018
                        MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Title   **President and Chief Executive Officer**

**Andrew Feshbach**
Printed name

**18. Signature of attorney**   X _James E. O'Neill_   Date  3/6/2018
                        Signature of attorney for debtor                                    MM / DD / YYYY

**James E. O'Neill**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 N. Market Street, 17th Floor**
**Wilmington, DE 19899**
Number, Street, City, State & ZIP Code

Contact phone   **302-652-4100**   Email address   **joneill@pszjlaw.com**

**DE 4042**
Bar number and State

**Rider 1 to Voluntary Petition**

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.

The Walking Company Holdings, Inc.

The Walking Company

Big Dog USA, Inc.

FootSmart, Inc.

**UNANIMOUS WRITTEN CONSENT OF**
**THE BOARD OF DIRECTORS**
**OF**
**THE WALKING COMPANY HOLDINGS, INC.**
**THE WALKING COMPANY**
**BIG DOG USA, INC.**
**AND**
**FOOTSMART, INC.**

The undersigned, being all of the directors of The Walking Company Holdings, Inc., a Delaware corporation, and its wholly owned subsidiaries, The Walking Company, a Delaware corporation, Big Dog USA, Inc., a California corporation, and FootSmart, Inc., a Delaware corporation (collectively, the "**Company**") do hereby adopt the following resolutions, which resolutions shall have the same force and effect as if adopted by a vote of the Board of Directors of the Company (the "**Board**") at a duly convened meeting held for such purposes:

WHEREAS, the Board, acting pursuant to the laws of the State of Delaware or, with respect to Big Dog USA, Inc., the laws of the State of California, has considered the financial and operational aspects of the business of the Company;

WHEREAS, the Board has reviewed the historical performance of the Company, the market for the Company's products, and the current and long-term liabilities of the Company;

WHEREAS, the Board has, over the last several months, reviewed the materials presented to it by management of the Company, with input from the Company's legal and financial advisors (including the law firm of Pachulski Stang Ziehl & Jones LLP and financial advisors Consensus Advisors LLC), regarding the need to undertake a financial restructuring of the Company;

WHEREAS, prior hereto there has been presented to the Board a proposed Debtors' Joint Plan of Reorganization for the Company (the "Plan"), developed with the assistance of such advisors, which Plan is to be supported by, among other things, commitments of: (i) the three largest shareholders (Fred Kayne, Richard Kayne and Andrew Feshbach, the "Investors") to infuse $10 million dollars in new capital into the Company and (iii) holders of the Company's 8.375% Convertible Notes due 2019 (the "Notes") to extend the term of the Notes and provide other concessions to the Company, which Noteholders include Richard Kayne and other persons associated with Richard Kayne and/or Kayne Anderson Capital Advisors;

WHEREAS the summary terms and condition of such commitments are set forth in a draft Equity Commitment Letter and a Note Commitment Letter (collectively, the "**Commitment Letters**"), which have been circulated to the Board prior hereto;

WHEREAS, the Board acknowledges that Richard Kayne is the brother of Chairman Fred Kayne and that Director David Walsh is a managing partner at Kayne Anderson Capital Advisors, which is controlled by Richard Kayne;

WHEREAS, Board members have had the opportunity to independently ask questions of and consult with the legal counsel Pachulski Stang Ziehl & Jones LLP and financial advisors Consensus Advisors LLC in regard to these matters;

WHEREAS, the Board has considered the financial and strategic alternatives available to the Company in the current circumstances, including those available on a consensual basis with the principal stakeholders of the Company.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its respective creditors, employees, equity holders and other interested parties that the Company commence chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code for the Company in the United States Bankruptcy Court for the District of Delaware;

RESOLVED, that, acknowledging the related-party nature of the transactions proposed in the Equity Commitment Letter and the Note Commitment Letter, in the judgment of the Board it finds that the transactions contemplated therein, and in the Plan that those commitments support, are fair to, and in the best interest of, the Company, and are hereby approved;

RESOLVED, that the executive officers of the Company (each, an "**Authorized Officer**") be, and each of them hereby is, authorized and empowered to enter into, on behalf of the Company, the Commitment Letters in substantially in the form presented to the Board; and in connection therewith, the Authorized Officers of the Company are hereby authorized and directed to negotiate, execute and deliver, on behalf of the Company, definitive agreements that substantially reflect the terms of the Commitment Letters, and any other related agreements and ancillary documents, and to take any such actions related thereto to fulfill the transactions contemplated thereby, that any such Authorized Officer finds necessary or desirable;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to further take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable in connection with the Company's chapter 11 case and to develop, file and prosecute to confirmation the Plan and related Disclosure Statement in Support Debtors' Joint Plan of Reorganization, forms of which have heretofore been presented to the Board, and otherwise to fulfill the obligations of the Company pursuant thereto;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered to obtain post-petition financing and obtain permission to use existing cash collateral according to terms which may be negotiated by the Authorized Officers (and the Company is hereby authorized to perform all obligations thereunder), including under a debtor-in-possession credit facility with Wells Fargo Bank, National Association on substantially the terms set forth in in the term sheet heretofore presented to the Board; and to enter into a Debtor-in-Possession Loan and Security Agreement and any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, the Authorized Officers of the Company are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents and to enter into any amendments to such documents thereafter (subject to the approval of the United States Bankruptcy Court for the District of Delaware, if required); and that the terms of such post-petition financing and use of cash collateral are fair to, and in the best interest of, the Company;

RESOLVED, that the Authorized Officers of the Company be, and each of them hereby is, authorized and empowered to obtain exit financing according to terms which may be negotiated by the Authorized Officers, including under an exit credit facility with Wells Fargo Bank, National Association on substantially the terms set forth in the term sheet heretofore presented to the Board; and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing; and in connection therewith, the Authorized Officers of the Company are hereby authorized and directed to execute appropriate loan agreements and related ancillary documents;

RESOLVED, the Board has previously authorized the engagement of legal counsel in connection with the proposed reorganization, and hereby further ratifies and approves the engagement of Pachulski Stang Ziehl & Jones LLP ("PSZ&J") as bankruptcy counsel to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PSZ&J;

RESOLVED, the Board has previously authorized the engagement of a financial advisor in connection with the proposed reorganization, and hereby further approves the engagement of Consensus Advisors LLC as the Company's financial advisor, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy,

and to cause to be filed an appropriate application for authority to retain the services of Consensus Advisors LLC;

RESOLVED, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Kurtzman Carson Consultants LLC as the Company's claims, noticing, solicitation agent and administrative advisor, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Kurtzman Carson Consultants LLC;

RESOLVED, that the Authorized Officers of the Company be, and hereby are, authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to the develop, file and prosecute to confirmation the Debtors' Joint Plan of Reorganization and related disclosure statement on substantially the terms set forth in the draft plan and related documentation heretofore presented to the Board;

RESOLVED, that any and all actions heretofore taken by any Authorized Officer or the directors of the Board of the Company in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

*[Signature page follows]*

*5* IN WITNESS WHEREOF, the undersigned have duly executed this Consent as of March _____, 2018.

DIRECTORS

_____
Fred Kayne

_____
Andrew Feshbach

_____
David Walsh

_____
Stephen Kayne

*SIGNATURE PAGE TO UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF THE WALKING COMPANY HOLDINGS, INC., THE WALKING COMPANY, BIG DOG USA, INC., AND FOOTSMART, INC.*

*5*

IN WITNESS WHEREOF, the undersigned have duly executed this Consent as of March ___, 2018.

DIRECTORS

_____
Fred Kayne

_____
Andrew Feshbach

_____
David Walsh

_____
Stephen Kayne

***SIGNATURE PAGE TO UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF THE WALKING COMPANY HOLDINGS, INC., THE WALKING COMPANY, BIG DOG USA, INC., AND FOOTSMART, INC.***

IN WITNESS WHEREOF, the undersigned have duly executed this Consent as of March _____5_____, 2018.

DIRECTORS

_____
Fred Kayne

_____
Andrew Feshbach

_____
David Walsh

_____
Stephen Kayne

*SIGNATURE PAGE TO UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF THE WALKING COMPANY HOLDINGS, INC., THE WALKING COMPANY, BIG DOG USA, INC., AND FOOTSMART, INC.*

5   IN WITNESS WHEREOF, the undersigned have duly executed this Consent as of March
    _____, 2018.

                              DIRECTORS


                              _____
                              Fred Kayne


                              _____
                              Andrew Feshbach


                              _____
                              David Walsh

                              _____
                              Stephen Kayne


**SIGNATURE PAGE TO UNANIMOUS WRITTEN CONSENT OF THE BOARD OF
DIRECTORS OF THE WALKING COMPANY HOLDINGS, INC., THE WALKING
COMPANY, BIG DOG USA, INC., AND FOOTSMART, INC.**

**Fill in this information to identify the case:**

Debtor name **The Walking Company**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ *Amended Schedule*
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration   **Certification of Creditor Matrix, Corporate Ownership Statement, List of Equity Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____      X _____
                                              Signature of individual signing on behalf of debtor

                                              **Andrew Feshbach**
                                              Printed name

                                              **President and Chief Executive Officer**
                                              Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name  The Walking Company

United States Bankruptcy Court for the: _____ District of Delaware
                                                                        (State)

Case number (If known): 18-_____

☐ Check if this is an
   amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (on a Consolidated Basis)                    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | LI & FUNG 4F COVO,XIN HONG INDUSTRL AREA,NIUSHAN TOWN DONGGUAN CITY PRC, 523128 GUANGDONG PROVIDENCE | LI & FUNG 4F COVO,XIN HONG INDUSTRL AREA,NIUSHAN TOWN DONGGUAN CITY PRC, 523128 GUANGDONG PROVIDENCE Wong Kwan wongkwanpo@lifung.com.hk | Trade | | | | $5,191,796.00 |
| 2 | MDC POWER LINK INT'L CORP. NIU SHAN FOREIGN IND PRK DONG CHENG DISTRICT DONGGUAN CITY, GDP, CHINA | MDC POWER LINK INT'L CORP. NIU SHAN FOREIGN IND PRK DONG CHENG DISTRICT DONGGUAN CITY, GDP, CHINA Gary Wells gwells@mdcassociates.com | Trade | | | | $1,954,963.00 |
| 3 | DANSKO INC. PENN BUSINESS PARK 33 FEDERAL ROAD WEST GROVE, PA 19390 | DANSKO INC. PENN BUSINESS PARK 33 FEDERAL ROAD WEST GROVE, PA 19390 Jim Fox, President james.fox@dansko.com | Trade | | | | $1,524,019.00 |

| Debtor | The Walking Company | Case number (if known) 18- |
|---|---|---|
| | Name | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4 | HOAN CAU HOA BINH J.S.C DONG XUONG, THANH LAP LUONG SON VTN, HOA BINH VIETNAM | HOAN CAU HOA BINH J.S.C DONG XUONG, THANH LAP LUONG SON VTN, HOA BINH VIETNAM Jason Shim jaehak.shim@shoelogics.com | Trade | | | | $1,218,002.00 |
| 5 | FED EX P. O. BOX 7221 PASADENA, CA 91109-7321 | FED EX P. O. BOX 7221 PASADENA, CA 91109-7321 Eric Stillson eric.stillson@fedex.com | Trade | | | | $850,000.00 |
| 6 | A.A FOOTWEAR CO., LTD 168 GUANGHUI RD NEW VILGE LUWU IND. INSTRICT CHI, DONGGUAN GUANGDONG CHINA | A.A FOOTWEAR CO., LTD 168 GUANGHUI RD NEW VILGE LUWU IND. INSTRICT CHI, DONGGUAN GUANGDONG CHINA Gary Wells gwells@mdcassociates.com | Trade | | | | $612,635.00 |
| 7 | ECCO USA INC. 16 DELTA DRIVE LONDONDERRY, NH 03053 | ECCO USA INC. 16 DELTA DRIVE LONDONDERRY, NH 03053 Dave Quel, President daqu@ecco.com | Trade | | | | $403,554.00 |
| 8 | 551 MADISON CASSIDY TURLEY LASALLE INVESTMENT MNGMT INC. 33RD FLOOR 153 E. 53RD STREET NEW YORK, NY 10022 | 551 MADISON CASSIDY TURLEY LASALLE INVESTMENT MNGMT INC. 33RD FLOOR 153 E. 53RD STREET NEW YORK, NY 10022 Metin Negrin mnegrin@lexincapital.com | Landlord | | | | $350,533.71 |

Debtor   **The Walking Company** _____   Case number _(if known)_ 18-_____
　　　　　　　Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9  ROCKPORT PO BOX 405178 ATLANTA, GA 30384 | ROCKPORT PO BOX 405178 ATLANTA, GA 30384 Bob Infantino Bob.infantino@rockport.com | Trade | | | | $186,831.00 |
| 10 TAUBMAN - CHERRY CREEK 200 EAST LONG LAKE ROAD SUITE 300 BLOOMFIELD HILLS, MI 48304 | TAUBMAN - CHERRY CREEK 200 EAST LONG LAKE ROAD SUITE 300 BLOOMFIELD HILLS, MI 48304 Steve Terzolo sterzolo@taubman.com | Landlord | | | | $180,492.64 |
| 11 FASHION VALLEY MALL SIMON PROPERTY GROUP, L.P. M.S. MANAGEMENT ASSOCIATES 225 W. WASHINGTON STREET INDIANAPOLIS, IN 46204 | FASHION VALLEY MALL SIMON PROPERTY GROUP, L.P. M.S. MANAGEMENT ASSOCIATES 225 W. WASHINGTON STREET INDIANAPOLIS, IN 46204 Justin Stein jstein@simon.com | Landlord | | | | $167,976.67 |
| 12 TAUBMAN - SHORT HILLS 200 EAST LONG LAKE ROAD SUITE 300 BLOOMFIELD HILLS, MI 48304 | TAUBMAN - SHORT HILLS 200 EAST LONG LAKE ROAD SUITE 300 BLOOMFIELD HILLS, MI 48304 Steve Terzolo sterzolo@taubman.com | Landlord | | | | $149,420.47 |
| 13 PUTIAN XINXIESHENG FOOTWEAR CO. LTD PUTIAN CITY CHI, CHINA FUJIAN PROVINCE | PUTIAN XINXIESHENG FOOTWEAR CO. LTD PUTIAN CITY CHI, CHINA FUJIAN PROVINCE Kitty Cai kitty@fj-xinxiesheng.cn | Trade | | | | $130,906.00 |

Debtor  **The Walking Company** _____  Case number _(if known)_ 18- _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | GGP ALA MOANA L.L.C. 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 | GGP ALA MOANA L.L.C. 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 Troy Benson troy.benson@generalgrowth.com | Landlord | | | | $128,570.04 |
| 15 | WEST FARMS MALL, LLC TAUBMAN 200 EAST LONG LAKE ROAD SUITE 300 BLOOMFIELD HILLS, MI 48304 | WEST FARMS MALL, LLC TAUBMAN 200 EAST LONG LAKE ROAD SUITE 300 BLOOMFIELD HILLS, MI 48304 Steve Terzolo sterzolo@taubman.com | Landlord | | | | $120,428.35 |
| 16 | GGP -- BOISE MALL LLC 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 | GGP -- BOISE MALL LLC 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 Troy Benson troy.benson@generalgrowth.com | Landlord | | | | $113,655.44 |
| 17 | TRG IMP LLC TAUBMAN 200 EAST LONG LAKE ROAD SUITE 300 BLOOMFIELD HILLS, MI 48304 | TRG IMP LLC TAUBMAN 200 EAST LONG LAKE ROAD SUITE 300 BLOOMFIELD HILLS, MI 48304 Steve Terzolo sterzolo@taubman.com | Landlord | | | | $110,071.55 |
| 18 | GGP -- FASHION SHOW 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 | GGP -- FASHION SHOW 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 Troy Benson troy.benson@generalgrowth.com | Landlord | | | | $108,577.36 |

Debtor   **The Walking Company**                                    Case number *(if known)* 18-
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 GGP -- GRAND CANAL SHOPS, AT THE VENETIAN 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 | GGP -- GRAND CANAL SHOPS, AT THE VENETIAN 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 Troy Benson troy.benson@generalgrowth.com | Landlord | | | | $99,940.22 |
| 20 THE FORUM SHOPS SIMON PROPERTY GROUP, L.P. M.S. MANAGEMENT ASSOCIATES 225 W. WASHINGTON STREET INDIANAPOLIS, IN 46204 | THE FORUM SHOPS SIMON PROPERTY GROUP, L.P. M.S. MANAGEMENT ASSOCIATES 225 W. WASHINGTON STREET INDIANAPOLIS, IN 46204 Justin Stein jstein@simon.com | Landlord | | | | $97,915.72 |
| 21 CALEV SYSTEMS, LLC 333 SOUTH MIAMI AVE SUITE 101 MIAMI, FL 33130 | CALEV SYSTEMS, LLC 333 SOUTH MIAMI AVE SUITE 101 MIAMI, FL 33130 Loyd Walker lwalker@calevsystems.com | Catalog | | | | $96,234.00 |
| 22 GGP -- CHRISTIANA MALL 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 | GGP -- CHRISTIANA MALL 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 Troy Benson troy.benson@generalgrowth.com | Landlord | | | | $92,267.86 |

| Debtor | The Walking Company | Case number (if known) 18- |
| --- | --- | --- |
| | Name | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23 | STONERIDGE PROPERTIES LLC SIMON PROPERTY GROUP, L.P. M.S. MANAGEMENT ASSOCIATES 225 W. WASHINGTON STREET INDIANAPOLIS, IN 46204 | STONERIDGE PROPERTIES LLC SIMON PROPERTY GROUP, L.P. M.S. MANAGEMENT ASSOCIATES 225 W. WASHINGTON STREET INDIANAPOLIS, IN 46204 Justin Stein jstein@simon.com | Landlord | | | | $87,692.72 |
| 24 | GGP -- RIDGEDALE SHOPPING CTR. LLC 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 | GGP -- RIDGEDALE SHOPPING CTR. LLC 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 Troy Benson troy.benson@generalgrowth.com | Landlord | | | | $83,867.25 |
| 25 | GGP -- OAKBROOK SHOPPING CENTER, LLC 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 | GGP -- OAKBROOK SHOPPING CENTER, LLC 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 Troy Benson troy.benson@generalgrowth.com | Landlord | | | | $83,215.90 |
| 26 | GGP -- ROUSE PARK MEADOWS LLC 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 | GGP -- ROUSE PARK MEADOWS LLC 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 Troy Benson troy.benson@generalgrowth.com | Landlord | | | | $82,412.92 |

Debtor **The Walking Company**                                    Case number *(if known)* 18-
       Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 WEST TOWN MALL JOINT VENTURE SIMON PROPERTY GROUP, L.P. M.S. MANAGEMENT ASSOCIATES 225 W. WASHINGTON STREET INDIANAPOLIS, IN 46204 | WEST TOWN MALL JOINT VENTURE SIMON PROPERTY GROUP, L.P. M.S. MANAGEMENT ASSOCIATES 225 W. WASHINGTON STREET INDIANAPOLIS, IN 46204 Justin Stein jstein@simon.com | Landlord | | | | $82,055.07 |
| 28 FORBES TAUBMAN ORLANDO FORBES 100 GALLERIA OFFICENTRE SUITE 427 SOUTHFIELD, MI 48034 | FORBES TAUBMAN ORLANDO FORBES 100 GALLERIA OFFICENTRE SUITE 427 SOUTHFIELD, MI 48034 David Forbes dforbes@theforbescompany.com | Landlord | | | | $80,188.82 |
| 29 GGP -- MAYFAIR PROPERTY, INC. 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 | GGP -- MAYFAIR PROPERTY, INC. 350 N. ORLEANS STREET SUITE 300 CHICAGO, IL 60654-1607 Troy Benson troy.benson@generalgrowth.com | Landlord | | | | $79,817.46 |
| 30 TAUBMAN -- INTERNATIONAL PLAZA 200 EAST LONG LAKE ROAD SUITE 300 BLOOMFIELD HILLS, MI 48304 | TAUBMAN -- INTERNATIONAL PLAZA 200 EAST LONG LAKE ROAD SUITE 300 BLOOMFIELD HILLS, MI 48304 Steve Terzolo sterzolo@taubman.com | Landlord | | | | $76,216.20 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE WALKING COMPANY, | Case No. 18-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☐None [*check if applicable*]

Name:    The Walking Company Holdings, Inc.
Address:    25 W. Anapamu
                Santa Barbara, CA 93101

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE WALKING COMPANY, | Case No. 18-_____ (___) |
| Debtor. | |

### LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case:

| Name and Last Known Address or Place of Business of Holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| The Walking Company Holdings, Inc.<br>25 W. Anapamu<br>Santa Barbara, CA 93101 | | | 100% ownership |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE WALKING COMPANY, | Case No. 18-_____ (___) |
| Debtor. | |

## CERTIFICATION OF CREDITOR MATRIX

        Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with the Debtors' books and records.

        The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers include:  The Walking Company Holdings, Inc. (8665); The Walking Company (2061); Big Dog USA, Inc. (5316); and FootSmart, Inc. (9736).  The headquarters and service address for the above-captioned Debtors is 25 W. Anapamu, Santa Barbara, CA 93101.

DOCS_SF:95859.1